**COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHAN McDERMOTT,<br><br>Petitioner,<br><br>v.<br><br>TOM FELKER, Warden,<br><br>Respondent. | NO. CV 08-7099-GW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. As modified below, the Court accepts the findings and recommendation of the Magistrate Judge.

In Ground One, Petitioner alleged there was insufficient evident to support a conviction of first degree felony murder with the underlying felonies of attempted robbery and attempted kidnap for ransom. (Petition at 6a-6r.) Petit crimes. Rather, he argues the prosecutor failed to prove beyond a reasonable doubt that Petitioner was not acting under duress with respect to the attempted

1 robbery and the attempted kidnapping. (Objections at 3-4.)

2     The jury was instructed that Petitioner was not guilty of attempted robbery
3 or attempted kidnapping if "he acted under duress." (Lodged Document ("LD") 1
4 at 216.) According to the instruction, "The defendant acted under duress if,
5 because of threat or menace, he believe that his life would be in immediate
6 danger if he refused a demand or request to commit the crimes." (*Id.*) In
7 addition, the jury was instructed that the "People must prove beyond a
8 reasonable doubt that the defendant did not act under duress." (*Id.*)

9     Petitioner had not identified any authority for the proposition that *Jackson v.*
10 *Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) applies to
11 affirmative defenses in California. In *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct.
12 1558, 71 L. Ed. 2d 783 (1982), the Supreme Court held that the "Due Process
13 Clause does not mandate that when a State treats absence of an affirmative
14 defense as an 'element' of the crime for one purpose, it must do so for all
15 purposes. The structure of Ohio's Code suggests simply that the State decided
16 to assist defendants by requiring the prosecution to disprove certain defenses.
17 Absent concrete evidence that the Ohio Legislature or courts understood [the
18 statute] to go further than this, we decline to accept respondents' construction of
19 state law." *Id.* at 120; *see also Jackson*, 443 U.S. at 324 n.16 ("the standard
20 must be applied with explicit reference to the substantive elements of the criminal
21 offense as defined by state law"); *Patterson v. New York*, 432 U.S. 197, 210, 97
22 S. Ct. 2319, 53 L. Ed. 2d 281 (1977) ("[p]roof of the nonexistence of all affirmative
23 defenses has never been constitutionally required").

24     Even assuming *Jackson* applies to the affirmative defense of duress in
25 California, the standard would be whether any rational juror could have concluded
26 that the prosecution had proven beyond a reasonable doubt that Petitioner did
27 not act in duress when he committed the crime of attempted robbery or attempted
28 kidnapping. *See Cavazos v. Smith*, 132 S. Ct. 2, 3-4 (2011) (per curiam); *see*

also *Gaither v. Artus*, 2011 WL 2009470, *2 (E.D.N.Y.) (applying *Jackson* in the context of self-defense). Petitioner has failed to meet that exacting standard.

Petitioner appears to rely on his own testimony that Petitioner found Daley pointing a gun at Godoy and Lewis and ordered Petitioner to tie them up. (Objections at 7.) However, the Report describes the relationship between Petitioner and Daley in purchasing marijuana. (Report at 13-17.) Godoy testified that Daley walked into another room and came back with a gun. (LD 3 at 1235.) Daley waved the gun and told Godoy and Lewis not to move. (*Id.* at 1236.) Daley told Petitioner to tape up Godoy and Lewis. (*Id.*) Petitioner did not seem scared. (*Id.*) Petitioner found the tape in the same room and began taping up the two men. (*Id.* at 1237-38.) Petitioner still did not appear scared. (*Id.* at 1238.) Daley never pointed the gun at Petitioner. (*Id.* at 1239.) Petitioner appeared to Godoy like "it was the plan. You know, he was up for everything. He wasn't scared or nothing – " (*Id.* at 1242.) Eventually, Daley put the gun in his waistband and told Petitioner to get another gun and watch the two taped men. (*Id.* at 1244.)

The jury was entitled to believe the evidence that Petitioner did not act under duress. As the Report made clear, Petitioner's version of events is not controlling. (Report at 19 (quoting *McDaniel v. Brown*, 130 S. Ct. 665, 673, 175 L. Ed. 2d 582 (2010) ("a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'") (citation omitted)).) Petitioner's objection is overruled.

Petitioner's remaining objections are without merit.

The following changes are made to the Report:

2:24      "trial court's" is changed to "the prosecution's and trial court's"

19:24      "time victim" is changed to "time the victim"

| | | |
|---|---|---|
| 1 | 20:fn5 | "claim" is deleted |
| 2 | 31:3 | "Circuit has" is changed to "Circuit has recognized" |
| 3 | 31:13-14 | "seen the prosecutor" is changed to "seen a district attorney" |
| 4 | 31:19 | "Smith" is changed to "Smith, the district attorney at |
| 5 | | Petitioner's preliminary hearing," |
| 6 | 32:18 | "All Right" is changed to "All right" |

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: February 29, 2012

GEORGE H. WU
United States District Judge